#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF MERRIMACK, DECEMBER TERM,

#### A. D. 1834.

---

## J. S. WHEELER's application for a certiorari.

THE statute of December 29, 1832, which established courts of common pleas in the several counties, gave to those courts respectively jurisdiction to lay out highways from county to county.

AT April term of the court of common pleas in this county, 1832, certain individuals filed a petition, praying that a road might be laid out from Hopkinton, in this county, to Weare, in the county of Hillsborough. At February term of the court of common pleas, 1833, a committee was appointed to lay out the road agreeably to the prayer of the petition, if it should be found expedient. At February term, 1834, the committee made a report, laying out the road, which was accepted by the court, and the road established. Wheeler now applied for a certiorari to quash the proceedings, on the ground that the court of common pleas in this county had no jurisdiction to establish a road in the county of Hillsborough.

*J. Harris*, for Wheeler.

*Gove* opposed the application.

RICHARDSON, C. J., delivered the opinion of the court. The statute of July 3, 1829, section 7, gave to the late court

of common pleas jurisdiction to lay out highways in two or more towns in the same, or in different, counties. 1 *Laws*, 575.

The statute of December 29, 1832, which provides for the organization of the present courts of common pleas, enacts " that all the jurisdiction, power and authority by ' law now vested in the court of common pleas, shall be, ' and the same hereby are vested in the courts of common ' pleas hereby constituted ; and all judgments, orders, plead-' ings, records, writs, actions, processes, proceedings, matters ' and things whatsoever, now existing, pending and remain-' ing in the court of common pleas in the several counties ' in this state ; and all writs, actions, &c., made returnable ' to the court of common pleas in any county in this state ' before this act shall take effect, shall be heard, tried and ' determined, and may be proceeded on and prosecuted to a ' final end and judgment in the said several courts of com-' mon pleas, or in the superior court of judicature, according ' to the provisions of this act."

That this act transferred to the new courts of common pleas all petitions for highways from county to county, pending in the late court, and all jurisdiction and authority which the late court possessed to lay out such highways, is too clear to admit a doubt. The only question which can arise on the subject is, How are those petitions and that jurisdiction lodged in the new courts?

If the intention of the legislature was that the present courts of common pleas should only have power to lay out roads within the limits of their respective counties, and that the petitions for highways from county to county then pending, should be transferred to the courts of the several counties within whose limits any parts of the proposed new highways might be found, with jurisdiction of such petitions, so far as they related to proposed new roads within their respective counties, it is manifest that the power which the late court possessed to lay out roads from county to

county, upon a petition for the purpose in some one county, is lost. For a power in several courts to lay out several roads in their respective counties, in such a manner that taken together they may constitute a road leading from county to county, is a very different thing from a power in one court to lay out a road from county to county.

The difference between these two powers will be best illustrated and explained by a short history of the jurisdiction of the courts, in respect to laying out highways.

By a statute passed on the 27th February, 1786, entitled an act for laying out highways, selectmen were empowered to lay out highways within the limits of their respective towns. In the exercise of this power thus given to selectmen, it would have been practicable in some cases to lay out several roads in several towns in a county, in such a manner as to constitute a highway leading from town to town. But it is obvious that in doing this, very great difficulties and embarrassments must have occurred. A new highway might be wanted to accommodate the public leading through several towns. In order to obtain such a highway, application must be made to the selectmen in all the towns. In some towns the selectmen might think the public convenience required the new road. In other towns the selectmen might think quite otherwise. And very different opinions might be entertained by the selectmen of the different towns, as to the best and most convenient situation in which to place the proposed road in the several towns. These difficulties seem to have occurred to the legislature ; and in order to prevent them, at the same time that the selectmen were empowered to lay out highways within their respective towns, the courts of sessions were empowered to lay out highways from town to town within their respective counties. And when the court of sessions was abolished, the same power was transferred to the court of common pleas.

Afterwards, as the population of the state increased, new highways from county to county, in various directions in

the state, were often found necessary for the accommodation of the public. But in laying out such highways, great delay, expense and trouble were experienced in being compelled to apply to the several courts in the several counties through which any new highway was proposed to be laid out, no court having the power to lay out a road from county to county. In order to remedy this inconvenience, the legislature, in 1821, authorized the superior court to lay out such roads; and in 1824, when the late court of common pleas was established, the power to lay out highways from county to county was in express terms transferred to that court.

It is, thus, apparent, that a power vested in several tribunals to lay out several roads which when taken together may constitute a road leading from county to county, is a very different thing from a power vested in one tribunal to lay out a highway from county to county. It is also apparent that the legislature have heretofore thought it expedient that the power to lay out highways from county to county should be vested in some tribunal. And it is equally clear, that if this power is not now lodged in the several courts of common pleas, it is lost.

But by the express words of the act constituting the present courts of common pleas, they are vested with all the jurisdiction, power and authority, which the late court had. This power, then, must be considered as transferred to the present courts, if it can in any way be executed by them.

We see no reason why it may not be as conveniently and as effectually exercised by the present courts as by the late court. Each court will have power to lay out highways from county to county. But to give a court jurisdiction, some part of the proposed new highway must lie within the county. It is believed the late court never sustained a petition unless some part of the way was within the county where it was presented. The power will be exercised agreeably to rules of practice established by this court, so that any conflict of jurisdiction among the several courts

may be easily prevented. And in the exercise of the power the county judges will always be assisted by a judge of this court. We are wholly unable to imagine any embarrassment whatever which the courts of common pleas must encounter in exercising this power, other than those which all courts must encounter in exercising such a jurisdiction.

It will be necessary, as it has always been, to keep a separate account of the expenses incurred in each county. And the accounts for those expenses must be settled and paid in the several counties by the county judges.

We are, therefore, of opinion that the petition on which this road was laid out, as it was pending in the late court of common pleas in this county when the present courts of common pleas were established, was transferred to the present court in this county, and that the court here had authority to lay out the road, although some part of it was within the county of Hillsborough.

There is, then, no ground for issuing a certiorari in this instance, and

*The motion is overruled.*